UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE PAPST LICENSING GMBH & CO. KG LITIGATION<br><br>This Document Relates To:<br>Papst v. Sanyo Elec. Co., Ltd., 08-cv-1405<br>(N.D. Ill. No. 08-cv-3608) | Misc. Action No.  07-493 (RMC);<br>MDL Docket No. 1880 |

MEMORANDUM OPINION

Papst Licensing GMBH & Co. KG ("Papst") brought suit against Sanyo Electric Co., Ltd. and Sanyo North America Corp. (collectively "Sanyo") alleging patent infringement in a bare bones complaint.  Sanyo moves to dismiss for failure to state a claim, asserting that the complaint is insufficient to assert a right to relief above the speculative level.  As explained below, the motion will be granted.

I.  FACTS

Papst's complaint for infringement includes only a few paragraphs containing factual allegations of wrongdoing by Sanyo.  Those paragraphs allege:

> 10.  *A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support* the Sanyo Defendants have made, used, sold or offered to sell to numerous customers in the United States or have imported into the United States digital cameras which infringe the Patents in Suit.
>
> 11.  A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support the Sanyo Defendants have actively induced others and/or contributed to the

>   infringement of the Patents in Suit.
>
>   12. A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support the Sanyo Defendants committed said infringements willfully.

Compl. ¶¶ 10-12 (emphasis added).

Sanyo moves to dismiss. Papst objects and requests leave to file an amended complaint. The only change in the amended complaint is a revised paragraph 10, which states:

>   10. *Upon information and belief*, the Sanyo Defendants have made, used, sold or offered to sell to numerous customers in the United States or have imported into the United States digital cameras which infringe the Patents in Suit.

Papst's Opp'n, Ex. A (emphasis added). In other words, Papst proposes to amend the complaint by deleting the phrase "[a] reasonable opportunity for further investigation or discovery is likely to provide evidentiary support" with the phrase "[u]pon information and belief."

## II. LEGAL STANDARDS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must be sufficient "to give a defendant fair notice of the claims against him." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (internal citations omitted). Rule 8(a) requires a "showing" and not just a blanket assertion

of a right to relief. *Id.* at 1965 n.3.

A court must treat the complaint's factual allegations as true, "even if doubtful in fact," *id*. at 1965, and must draw all reasonable inferences in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003). Even so, the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965, and the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

In deciding a Rule 12(b)(6) motion, the Court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted). Once a claim has been stated adequately, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at 1968-69.

### III.  ANALYSIS

The Complaint fails to allege any facts that state a claim upon which relief can be granted. The form patent infringement complaint set forth in the Federal Rules of Civil Procedure illustrates proper notice pleading in patent cases.[1] Form 18 reveals that a patentee should plead the

---

[1] Note that "these forms illustrate details that are sufficient, not necessary." *Fame Jeans*, 525 F.3d at 17; *see also Digital Tech. Licensing LLC v. Sprint Nextel Corp.*, No. 07-5432, 2008 WL 4068930, *2 (D.N.J. Aug. 27, 2008) (form 18 does not require that a patentee plaintiff specify the exact name or model number of the accused product or the precise manner in which the accused products infringe).

following: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant *has infringed and still is infringing the patent* by making, selling and using a device that embodies the patent; (4) a statement that the plaintiff has given notice of the infringement; and (5) a demand for relief.  Fed. R. Civ. P., App. Form 18.

The allegation that "[a] reasonable opportunity for further investigation or discovery is likely to provide evidentiary support" that Sanyo has infringed and is infringing the Patents in Suit does not state a claim for infringement.  The Complaint merely speculates that Sanyo might have infringed or be infringing and notifies Sanyo and the Court that Papst intends to investigate whether Papst has an infringement claim against Sanyo.  Thus, the Complaint fails to state a claim as required by Rule 8 — it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief" sufficient "to give a defendant fair notice" of the claims.  Fed. R. Civ. P. 8.[2]  The

---

[2] A patentee has a duty under Federal Rule of Civil Procedure 11 to conduct an adequate pre-filing investigation of the devices it accuses of infringement. *Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997).

> [Rule 11] requires that the inquiry be undertaken before the suit is filed, not after.  Defendants have no choice when served with a complaint if they wish to avoid a default.  They must undertake a defense, and that necessarily involves costs.  Rule 11 prohibits imposing those costs upon a defendant absent a basis, well-grounded in fact, for bringing the suit.

*Id*.  Thus, an attorney must interpret asserted claims of the patent and compare the accused device to the claims before filing an infringement suit. *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1301 (Fed. Cir. 2004).  When Papst alleged that it needed investigation to determine whether Sanyo had infringed the Patents in Suit, it was asserting that it could not allege facts giving rise to the claim.  Papst pleaded itself out of court by making allegations demonstrating it has no legal claim. *See Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995) (a party can plead himself out of court by alleging facts which show he has no legal claim).

Complaint must be dismissed for failure to state a claim.[3]

Papst's proposed amendment, alleging that "upon information and belief" Sanyo has infringed the Patents in Suit, does not suffice to remedy the failure to state a claim. The amendment fails the standard set forth in *Twombly* because it does not "raise a right to relief above the speculative level." 127 S. Ct. at 1965. A complaint must include "*some* information" about the circumstances giving rise to the claims, *Fame Jeans*, 525 F.3d at 16 n.4, and yet the proposed amended complaint fails to include any such information. Where Papst first asserts a need to investigate whether Sanyo has infringed the Patents in Suit, and then seeks to amend the complaint only to state that "upon information and belief" Sanyo has infringed, the Court can only presume that Papst cannot point to any actual facts giving rise to a valid claim for relief. The Court need not accept as true Papst's legal conclusions cast as factual allegations. *See Browning*, 292 F.3d at 242.

Papst argues that its amended complaint is sufficient to state a claim because "*Twombly* leaves the long-standing fundamentals of notice pleading intact." Opp'n at 2 (citing *Fame Jeans*, 525 F.3d at 15). While *Fame Jeans* held that neither detailed nor specific facts are necessary to meet the notice pleading standard, the D.C. Circuit also recognized that a complaint should identify the "circumstances, occurrences, and events" giving rise to the claim. 525 F.3d at 16. Papst has not done so here.

The Supreme Court in *Twombly* further recognized the practical significance of the requirements of Rule 8 — something beyond the mere possibility of entitlement to relief must be

---

[3] Sanyo also argues that the Complaint should be dismissed for lack of jurisdiction because the allegation that "reasonable opportunity for investigation or discovery is likely" to show infringement does not plead a claim that is ripe for adjudication and does not assert an injury-in-fact, a requirement for proper standing. The Court does not reach these issues.

alleged "lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of settlement value." 127 S. Ct. at 1966 (quotation marks and citation omitted). Because suits such as patent antitrust cases are quite expensive to litigate, a complaint that fails to raise a claim should be exposed early, at the point of minimum expenditure of time and money by the parties and the court. *Id.* "[S]ome threshold of plausibility must be crossed at the outset before a patent antitrust case should be permitted to go into its inevitably costly and protracted discovery phase." *Id*. (quoting *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003)). The very purpose of the notice pleading requirement is to permit the court "to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit, so that if he does not the case can be got rid of immediately without clogging the court's docket and imposing needless expense on the defendant." *Ryan v. May Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999). These concepts are particularly applicable to multidistrict patent litigation, an expensive and time-consuming process. Papst's complaint therefore will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Sanyo's motion to dismiss [Dkt. # 223], and the complaint will be dismissed. A memorializing order accompanies this Memorandum Opinion.

Dated: November 12, 2008                                /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge